MARY E. SLACK & another *vs.* INSPECTOR OF BUILDINGS OF WELLESLEY.

Norfolk.    December 9, 1927. — February 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, & CARROLL, JJ.

*Municipal Corporations*, By-laws and ordinances.  *Constitutional Law*, Police power.  *Eminent Domain*.  *Words*, "Location."

A provision of the building by-laws of a town, requiring all first or second class buildings to be placed at least forty feet, and all third class buildings at least fifty feet, from the center line of any adjacent street, is a valid regulation of location within the authority of the enabling statute, G. L. c. 143, § 3.

A town by its building by-laws may so regulate the location of buildings, in an exercise of the police power within the authority of G. L. c. 143, § 3, as to establish minimum distances from the center of streets for the placing of certain buildings, although it has not complied with the requirements of G. L. c. 82, § 37, which authorizes the establishment of building lines as an exercise of the right of eminent domain.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Norfolk on October 8, 1927.

The petition was heard by *Sanderson*, J., who ordered it dismissed and reported the case to the full court for determination.

*A. S. Allen*, for the petitioners.

*C. A. Bunker*, for the respondent.

RUGG, C.J.    This is a petition for a writ of mandamus whereby it is sought to compel the building inspector of the town of Wellesley to issue to the petitioners a permit for the erection of a building.    The petitioners confessedly own the land described in their petition and have complied with all provisions of the building by-laws of the town as to filing plans and specifications of the proposed building prerequisite to the issuance of the permit, except that their plans show that the building would extend to the sidewalks of adjacent streets.    In this particular alone the plans and specifications are not in conformity to a provision of the building by-law of the town of the following tenor: "All first or second class

buildings shall be placed at least 40 feet away from centre line of any adjacent street; all third class buildings shall be placed at least 50 feet from the centre line of any adjacent street." The petitioners contend, however, that this by-law is not valid as applied to the location of a building on their land because in effect it establishes a building line, which is not within the purview of G. L. c. 143, § 3, and which can only be done in accordance with G. L. c. 82, § 37. There has been no compliance with the requirements of the latter statute. The single issue to be decided is the validity of this by-law. It was adopted and approved in all respects in accordance with formalities prescribed for a by-law under G. L. c. 143, § 3. So far as pertinent to the present case, the words of G. L. c. 143, § 3, are: "Every . . . town . . . may, for the prevention of fire and the preservation of life, health and morals, by . . . by-laws consistent with law, and applicable throughout the whole or any defined part of its territory, regulate the inspection, materials, construction, alteration, repair, height, area, location and use of buildings and other structures within its limits . . . ," with exceptions and penalties not now relevant. The general features of this section first were enacted by St. 1872, c. 243; but the words "height, area, location" were added by St. 1912, c. 334.

Plainly, as matter of interpretation, the by-law here assailed is within the scope of this enabling statute. To provide that buildings of the designated classes must be placed at least specified distances from the center line of adjacent streets constitutes a regulation of the location of buildings on land abutting on streets. The by-law does not go beyond the authority conferred by the words of the statute. It is a statute enacted in the exercise of the police power. *Salem* v. *Maynes*, 123 Mass. 372. *Spector* v. *Building Inspector of Milton*, 250 Mass. 63, 71. Apparently the by-law was adopted to aid in the prevention of fires and not as a set-back line. It could have been adopted only to accomplish the ends described in the statute, no one of which is the establishment of a building set-back line. The by-law is constitutional as thus interpreted, even though no provision

is made for the payment of damages to owners of property injured thereby. *Gorieb* v. *Fox,* 274 U. S. 603.

The main contention of the petitioners is that the word "location" in said § 3 must be held to have a narrow and constricted meaning, not including in any aspect or in any result a set-back from a street line, because of the terms of G. L. c. 82, § 37. The pertinent words of that section are, "If . . . a town accepts this section or has accepted corresponding provisions of earlier laws, a building line not more than forty feet distant from the exterior line of a highway or town way may be established in the manner provided for laying out ways, and thereafter no structures shall be erected or maintained between such building line and such way, . . . [with exceptions not here relevant] . . . . Whoever sustains damage thereby may recover the same under chapter seventy-nine . . . ." This section was enacted first in somewhat different form by St. 1893, c. 462. Those differences are not here material. Municipal action under that section always has been interpreted as a taking of an easement in private property for public use under the power of eminent domain, and as affording damages for such taking. *Watertown* v. *Dana,* 255 Mass. 67, 70, and cases there collected. That statute was in effect when the word "location" was added to what is now G. L. c. 143, § 3, by St. 1912, c. 334. If it had been the intention of the General Court to narrow the meaning of "location" as thus inserted in the law as to the police power, and to render the preëxisting statute as to set-back of buildings from the street line under eminent domain the exclusive authority in that field, it would have been simple to express that intention by the use of appropriate words. No such restrictive words were used. There has been a general revision of the statutes since that original enactment, and no restrictive words appear in the General Laws.

These two statutes are enacted under different branches of the power of the legislative department of government, G. L. c. 143, § 3, in the exercise of the police power, and c. 82, § 37, in the exercise of the power of eminent domain. The scope of the exercise of these two branches of legislative

power may differ one from the other when applied to diverse states of fact. The police power is subject in its exercise to constitutional limitations which do not attach to the power of eminent domain. A by-law can be enacted under G. L. c. 143, § 3, by its express terms only "for the prevention of fire and the preservation of life, health and morals." It must be presumed that the by-law here assailed was enacted with a genuine purpose to accomplish these permissible ends. Whenever any other design is dominating, there must be action under G. L. c. 82, § 37. Every reasonable supposition is indulged in favor of the honesty of purpose of the public and of public officers and the legality of their conduct. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50, and cases there collected. *Adams* v. *Whitmore*, 245 Mass. 65, 68. *Nevins* v. *City Council of Springfield*, 227 Mass. 538, 541. *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 167. A building line under G. L. c. 82, § 37, must be measured from the side line of the street and not from its center. There are doubtless numerous streets in a town like Wellesley not within the operative effect of this by-law, because of their width. So far as the two statutes do cover the same field, it must be presumed that this was the purpose of the Legislature. There is no legislative inconsistency in such result. Practical wisdom and legislative or executive sense of justice may determine which of these two powers ought to be put forth in particular instances where either may be invoked.

In these circumstances, we are of opinion that there cannot be read into G. L. c. 143, § 3, a limitation or exception which the General Court has not seen fit to put there. The principle of statutory interpretation applied in *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8, is not governing in the facts here disclosed, and is not violated by the conclusion here reached.

*Order dismissing petition affirmed.*