THE UNIVERSAL MACHINE COMPANY *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION & another.

Suffolk.   March 9, 1938. — June 30, 1938.

Present: FIELD, LUMMUS, DOLAN, & COX, JJ.

*Alcoholic Beverages Control Commission.   Intoxicating Liquor.   Public Officer.   Equity Pleading and Practice,* Bill, Demurrer.

The Alcoholic Beverages Control Commission had power, under G. L. (Ter. Ed.) c. 138, § 24, as appearing in St. 1933, c. 376, § 2, and as amended by St. 1934, c. 232, to make a regulation numbered 30A

that "all glasses, dishes, silverware and other utensils used in . . . licensed places for service of food or alcoholic beverages shall be thoroughly cleansed after service to each patron and subjected for at least five minutes to the germicidal action of clean water heated to and maintained at a minimum of 160 degrees Fahrenheit. Equally effective methods of germicidal action by the use of heat, hot water, steam or mechanical devices may be substituted."

An allegation in a bill in equity that use of a certain mechanical washer in conjunction with a certain powder was an "equally effective method of germicidal action for the washing and sterilizing of glasses as required by" regulation 30A of the Alcoholic Beverages Control Commission was a conclusion of law and was not admitted by a demurrer to the bill.

A proper interpretation of regulation 30A of the Alcoholic Beverages Control Commission permitting the substitution of certain "equally effective methods of germicidal action by the use of heat, hot water, steam or mechanical devices" for that specifically described therein was that the device must be one which through the action of heat, hot water or steam produces germicidal action equal to that of "clean water heated to and maintained at a minimum of 160 degrees Fahrenheit" for at least five minutes; the use of a certain mechanical washer in conjunction with a certain powder alone would not be a permissible substitute device.

A general allegation in a bill in equity that members of the Alcoholic Beverages Control Commission have "acted in an arbitrary, unfair and unreasonable manner" in the interpretation of a regulation, without specification of acts, was a conclusion of law not admitted by demurrer.

A determination by the Alcoholic Beverages Control Commission of what were the best methods for sterilizing glasses and other utensils under plans described by them in their regulation 30A was a question of fact for the commission to determine and their refusal to approve of a particular method, not shown to have been made in bad faith, could not be controverted.

BILL IN EQUITY, filed in the Superior Court on November 19, 1937.

Demurrers by the defendants were heard by *Williams*, J., and were sustained and a final decree dismissing the bill was entered. The plaintiff appealed.

*H. J. Booras,* (*J. A. Edgerly* with him,) for the plaintiff.

*R. Clapp,* Assistant Attorney General, for the defendants.

DOLAN, J. This is a suit in equity which was brought in the Superior Court, whereby the plaintiff seeks to have the defendants, the Alcoholic Beverages Control Commission and Joseph F. O'Brien (its chief investigator and counsel), and their agents, investigators and representatives

enjoined from representing to customers or prospective customers of the plaintiff, and to the various present or prospective "licensees of alcoholic beverages," and to the trade in general, that the "Universal Electric Washer" of the plaintiff as used in conjunction with "Sterilo-Cleaner Powder" does not comply with the regulations of the defendant commission. The defendants demurred to the plaintiff's bill. The judge entered an interlocutory decree sustaining the demurrers on the first ground stated therein, "That the plaintiff has not set forth in its bill any cause or matter entitling it to relief in equity," and the plaintiff appealed therefrom and from the final decree entered dismissing the bill.

The plaintiff alleges in its bill that it manufactures and sells to the general public, and particularly to "licensees of alcoholic beverages," a "certain" washer of glasses, known as "Universal Electric Washer," which, as used in conjunction with "Sterilo-Cleaner Powder," effectively washes and sterilizes glasses; that "said mechanical device or apparatus . . . is an equally effective method of germicidal action for the washing and sterilizing of glasses," as required by regulation 30 A of the commission; and that it is most accommodating and acceptable to the trade and to the storekeepers generally, who hold licenses and are under the duty of observing the regulations of the commission. The bill further recites that the commission, through the defendant O'Brien and its various other inspectors and investigators, has represented and represents to various customers and prospective customers of the plaintiff that its device does not comply with the regulations of the commission; that it cannot and should not be used by the licensees as a sterilizer of glasses; and that the only methods approved by the commission to that end are those whereby glasses must be submerged for at least five minutes to the germicidal action of clean water heated to and maintained at a minimum of one hundred sixty degrees Fahrenheit. The plaintiff further represents that the defendants, unmindful of the further provision of regulation 30 A that "Equally effective methods of germicidal action by the use

of heat, hot water, steam or mechanical devices may be substituted," by their representation to "licensees of alcoholic beverages" and to the trade and customers of the plaintiff, cause many of its customers not to buy its washers, and others, who have contracted to buy the same, to withdraw from their contracts to purchase; that the commission is without right or jurisdiction to make regulations "as to the washing and sterilization of dishes and silverware in licensed places where food is served, for said power is vested by Chapters 140 and 111, and by other provisions of law, in the various boards of health and licensing authorities of the various cities and towns . . . and that . . . [the defendants'] interpretation of regulation 30 A is arbitrary, unfair, and unreasonable," in that it fails to take into consideration its provisions for the substitution of equally effective devices. The bill further alleges that, in these circumstances, irreparable damage is being done and will be done by the defendants and their representatives, to the "trade, business, and contractual rights and privileges" of the plaintiff, and that it "has no complete or adequate remedy at law."

The commission is established by § 43, inserted in G. L. (Ter. Ed.) c. 6 by St. 1933, c. 120, § 2, as amended by St. 1933, c. 375, § 1. By the provisions of § 44, inserted in G. L. (Ter. Ed.) c. 6 by St. 1933, c. 120, § 2, as amended by St. 1933, c. 376, § 1, the commission is given general authority as to the supervision of the conduct of the business of manufacturing, handling and selling of alcoholic beverages. G. L. (Ter. Ed.) c. 138, § 24, as appearing in St. 1933, c. 376, § 2, and amended by St. 1934, c. 232, directs the commission with the approval of the Governor and Council to make regulations for clarifying, carrying out, enforcing, and preventing violations of the provisions of said chapter 138 and, among other purposes, for the inspection of the premises and method of carrying on the business of any licensee, ". . . for insuring the purity . . . of any alcoholic beverage . . . [and] for the proper and orderly conduct of the licensed business . . . ."

The pertinent provisions of regulation 30 A, of the regulations made by the commission under this statute are as

follows: "All glasses, dishes, silverware and other utensils used in such licensed places [hotels, restaurants, taverns and clubs] for service of food or alcoholic beverages shall be thoroughly cleansed after service to each patron and subjected for at least five minutes to the germicidal action of clean water heated to and maintained at a minimum of 160 degrees Fahrenheit. Equally effective methods of germicidal action by the use of heat, hot water, steam or mechanical devices may be substituted." The plaintiff has argued that the commission is without authority to make rules and regulations for the sterilization of dishes, silverware and glasses; that such a regulation is a usurpation of the powers granted the boards of health of the several cities and towns under G. L. (Ter. Ed.) c. 111, and other authorities under G. L. (Ter. Ed.) c. 140; and that the powers granted to the commission under § 24 of c. 138 are not broad enough to sustain the regulation involved.

These contentions cannot prevail. The regulation complained of was adopted under the authority of the statute, the provisions of which must be read as a whole, and ". . . if possible . . . so construed as to make it an effectual piece of legislation in harmony with common sense and sound reason." *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 492. An examination of the various provisions of c. 138, as amended, compels the conclusion that the statute was intended to give to the commission comprehensive and exclusive jurisdiction over the conduct of such businesses. It is significant that under § 72 the board of health of a city or town in certain cases and the department of public health in others are given the right to issue licenses for dealing in or the sale of "methyl alcohol or wood alcohol, so called, or denatured alcohol, or any preparation used for manufacturing or commercial purposes which contains more than three per cent of any of the said alcohols, and is intended for use other than as a beverage." In this connection, it also appears that, under § 76, the right to grant licenses to persons engaged in certain businesses for the sale of alcohol, conferred upon the licensing authorities of a city or town, and in certain cases upon the

commission, expressly refers to "alcohol, other than alcohol described in § 72." That the duties of the department of public health and of the boards of health are thus restricted under § 72 to licensing powers which have no relation to alcoholic beverages gives weight to the view that the supervision of businesses engaged in the sale of alcoholic beverages is in the commission. While the maxim of statutory construction that the expression of one thing is the exclusion of another "is not conclusive of legislative intent . . . [it] is to be considered with regard to the object sought to be obtained by the entire legislation of which the subject matter to which it relates is but a part." *Simmons* v. *County of Suffolk*, 230 Mass. 236, 237.

It is true that under G. L. (Ter. Ed.) c. 111, entitled "Public Health," it is provided in § 31, as amended by St. 1937, c. 285, that boards of health may make reasonable health regulations. In that chapter, however, nothing repugnant to the exclusive rights of supervision in the commission of businesses dealing in alcoholic beverages is to be found. An examination of the provisions of G. L. (Ter. Ed.) c. 140, relative to licenses, also discloses no provisions repugnant to the exclusive jurisdiction of the commission over all matters relating to alcoholic beverages, and later amendments to that statute give recognition to the sole jurisdiction of the commission. See St. 1937, c. 424, § 7; St. 1936, c. 368, § 14; St. 1933, c. 284; St. 1934, c. 328, §§ 16, 18. We are of opinion that the regulation complained of is not void, nor a usurpation of the powers conferred by law upon other agencies of the Commonwealth, but that it is a valid regulation within the authority of the commission.

The plaintiff further contends, in the alternative, that if the regulation be valid, the commission has no discretion to choose between the methods prescribed by the regulation, but must recognize all including "the equally effective method" standard, and that by their demurrers the defendants have admitted that the plaintiff's device is one which constitutes an "equally effective method of germicidal action" under the terms of the regulation. We think that this contention cannot prevail. The real allegation

of fact in the plaintiff's bill is that its washer, "as used in conjunction with the Sterilo-Cleaner Powder, effectively washes and sterilizes glasses." The allegation that it is an "equally effective method of germicidal action for the washing and sterilizing of glasses, as required by said regulation 30 A," is not a statement of fact, but a conclusion which is not admitted by the demurrers of the defendants. The fair interpretation of the regulation is that the device must be one which through the action of heat, hot water or steam produces germicidal action equal in its effective method to that of "clean water heated to and maintained at a minimum of 160 degrees Fahrenheit" for at least five minutes. The use of a washing machine in conjunction with a "Cleaner Powder" cannot be said to be an "equally effective" device to produce germicidal action by the use of heat, hot water or steam. There is no allegation in the plaintiff's bill that any of these three agents is used in connection with its device. The use of the device in conjunction with a powder is more suggestive of chemical action than of germicidal action by heat, hot water or steam. It is further to be noted that the allegations of the plaintiff's bill are confined to the sufficiency of its device and powder for washing and cleansing glasses, and that no allegation is made as to its compliance with the terms of the regulation in the matter of cleansing "dishes, silverware and other utensils used in such licensed places for the service of food or alcoholic beverages."

The allegations that the defendants have acted in an arbitrary, unfair and unreasonable manner in the interpretation of the regulation, are not of facts, but are conclusions of law. See *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 281. The matter of cleansing "glasses, dishes, silverware and other utensils" used in the places described in the regulation, and the proper means of accomplishing it, are questions of fact to be determined by the commission, and "Every reasonable supposition is indulged in favor of the honesty of purpose of . . . public officers and the legality of their conduct." *Slack* v. *Inspector of Buildings of Wellesley,* 262 Mass. 404, 407, and

cases cited.    No allegation of bad faith is made in the plaintiff's bill and it follows that "The conclusions of the commission in matters of fact within its jurisdiction cannot be controverted." *Burke* v. *Metropolitan District Commission*, 262 Mass. 70, 75.    The interlocutory decree sustaining the defendants' demurrers is affirmed; the final decree dismissing the bill is affirmed with costs.

*Ordered accordingly.*