MARY C. TURNER *vs.* BOARD OF APPEALS OF MILTON.

Norfolk.    December 5, 1939. — February 2, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Zoning. Municipal Corporations,* By-laws and ordinances. *Equity Juris-diction,* Appeal from decision of board of appeals. *Jurisdiction,* Zon-ing. *Superior Court,* Jurisdiction. *Equity Pleading and Practice,* Decree. *Milton.*

There being no provision in the building code of the town of Milton authorizing the issuance by the building inspector of an occupancy permit, issuance of which by him was provided for by the town's zoning by-law, an appeal from such issuance must be regarded as an appeal to the board of appeals under the zoning by-law and § 30, inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1.

An owner of land other than that for which an occupancy permit had been issued by a building inspector under a zoning by-law had no right to appeal to the board of appeals for a revocation of the permit under § 30, inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1; and the board of appeals had no authority to act upon such an appeal.

The Superior Court had jurisdiction under § 30, inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1, to hear an appeal from and to an-nul a decision made by the board of appeals under a zoning by-law upon a matter which the board had no authority to hear and adjudicate.

A decree of the Superior Court annulling, on appeal under § 30, inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1, a decision by a board of appeals under a zoning by-law, should provide also that the clerk furnish the board with an attested copy of the decree.

APPEAL, filed in the Superior Court on March 3, 1939, from a decision by the board of appeals of the town of Milton.

After a hearing by *Good,* J., a final decree was entered annulling the decision by the board. The board appealed.

*L. Bryant, (R. G. Scott* with him,) for the board.

*R. F. Turner, (L. Sherman* with him,) for the plaintiff.

RONAN, J.    The appellant, the owner of certain premises in Milton, was granted a permit on November 28, 1938, by the deputy building inspector, to make the necessary alter-ations upon the first floor of her building so that the area formerly occupied by one store would be changed to accom-

modate two stores.  This building permit was granted in accordance with the provisions of chapter 7 of the by-laws of the town, which were adopted in conformity with G. L. (Ter. Ed.) c. 143.  It was provided in the first section of said chapter 7 that, in conjunction with certain designated statutes of the General Laws, chapter 7 "shall constitute and be known as the Building Code."  The work was apparently completed on December 30, 1938, when the deputy building inspector granted an occupancy permit, so called, reciting "that building and premises have been regularly inspected, and apparently conform to the statutes and by-laws relating to the construction and occupancy of buildings and land in the town of Milton."  This permit was issued in accordance with section 7 of chapter 10 of the by-laws of Milton.  The title of this chapter is "Zoning" and the section so far as material provides: "It shall be unlawful to use or permit the use of any land, building, or structure or part thereof which is erected or altered, wholly or partly, in its use or construction, or moved, or which has its open spaces in any way reduced, until the building inspector shall have certified on the building permit or, in case no permit is required, shall have certified in a certificate of occupancy that the building and premises have been regularly inspected by the building inspector and apparently conform to the statutes and by-laws relating to the construction and occupancy of buildings and land in the town of Milton."  This section also provided that it shall be the duty of the building inspector to enforce this by-law.

One Wood, on December 30, 1938, filed, with the board of appeals, an appeal from the action of the deputy building inspector in granting the occupancy permit to the appellant in these proceedings, and sought an annulment of this permit on the alleged ground that the inspector had no authority to issue the permit which, on account of the nonconforming use of the appellant's building, could be granted by the board of appeals only under section 4 of chapter 10, the zoning by-law of the town.  After notice and public hearing the board of appeals made a decision which, in sub-

stance and effect, revoked the permit, and the appellant Turner, purporting to act under § 30, inserted in G. L. (Ter. Ed.) c. 40, by St. 1933, c. 269, § 1, and amended by St. 1935, c. 388, filed an appeal in the Superior Court to annul the decision of the board of appeals. The board appealed from a final decree of the Superior Court annulling that decision.

The defendants contend that the same persons comprise the board of appeals under the building code and the board of appeals under the zoning laws; that the matter was one of enforcement of the building code; that the board sat as an appellate board under this code and, consequently, no appeal could be taken from its decision to the Superior Court. It is pointed out that under the building code, c. 7, § 1(G) 2, any person dissatisfied with the decision of the building inspector "on a matter left by this by-law to his approval or discretion" may appeal to the board of appeal; that the inspector is required by the building code, c. 7, § 1(B) 9, to enforce the provisions of the zoning by-law and that he has no authority under the building code, c. 7, § 1(E) 1, to approve any plans for altering a structure unless the plans and intended use are in all respects in conformity with both the building code and the zoning by-law. It does not, however, follow that in issuing an occupancy permit the inspector was acting under the building code or that the board of appeals was reviewing his action as a board acting under the building code. In the first place, the building code gives a limited right of appeal, and, if anyone, other than the landowner, may appeal, then the appeal must be upon decision of the inspector upon a matter left to his approval or discretion by the building code. c. 7, § 1(G) 2. There is no provision in the building code authorizing the issuance of any occupancy permit, and the appeal of Wood to the board was not based upon the building code at all. In substance his grievance was that the occupancy permit, which is provided for by the zoning and not the building by-law, was improperly issued by the inspector, and that it could be issued by the board of appeals only under the zoning by-law. Wood's

appeal did not pertain to a matter arising under the building code. The attempt of the board of appeals in its decision to incorporate the zoning by-law by reference into the building by-law is ineffectual. The purpose of each by-law was separate and independent of that of the other. Each formed a set of local regulations distinct from that of the other, and the aim of each was different although both, in a broad sense, pertained to the construction and alteration of buildings. *Slack* v. *Inspector of Buildings of Wellesley,* 262 Mass. 404. *Inspector of Buildings of Falmouth* v. *General Outdoor Advertising Co. Inc.* 264 Mass. 85. *Commonwealth* v. *Haffer,* 279 Mass. 73.

Section 30 of G. L. (Ter. Ed.) c. 40, as inserted by St. 1933, c. 269, § 1, and amended by St. 1935, c. 388, furnishes a complete and elaborate statutory system regulating appeals from the decisions of building inspectors and from boards of appeals in matters relating to local zoning regulations. A landowner who is aggrieved by the decision of the building inspector may appeal to the board, but a neighboring landowner has no such appeal from a decision of the inspector granting a permit. Such a person had no right before the adoption of the present statute (G. L. [Ter. Ed.] c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and amended by St. 1935, c. 388) to bring a bill in equity to restrain the execution of the work authorized by the permit, *O'Keefe* v. *Sheehan,* 235 Mass. 390; *O'Brien* v. *Turner,* 255 Mass. 84, although in appropriate cases he could maintain a petition of certiorari against the board, *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446; *Bennett* v. *Board of Appeal of Cambridge,* 268 Mass. 419; *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112; *Amero* v. *Board of Appeal of Gloucester,* 283 Mass. 45, or a petition for mandamus against the inspector to require him to revoke the permit and to enforce the regulation. *Wood* v. *Building Commissioner of Boston,* 256 Mass. 238. *Bancroft* v. *Building Commissioner of Boston,* 257 Mass. 82. *Cochran* v. *Roemer,* 287 Mass. 500. *LaMontagne* v. *Kenney,* 288 Mass. 363. *Paul* v. *Selectmen of Scituate,* 301 Mass. 365. But the question is not the right of Wood to appeal

from the decision of the board but his right to appeal to the board to revoke the occupancy permit. The matter is covered by statute, and, such an appeal not being authorized by statute, Wood had no right to file it and the board had no authority to hear it. *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353. *Bellevue Hotel Co.* v. *Building Commissioner of Boston*, 299 Mass. 73.

Upon the evidence we cannot say that the implied finding of the judge that the defendants were not acting as a board under the building code was plainly wrong, in view of his further finding that the defendants treated the appeal as though claimed under G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, which is confined entirely to matters relating to zoning. There was no error in ruling that the board "was without power to so entertain the appeal" and in annulling the decision of the defendants.

We do not agree with the defendants' contention that if they had no authority to hear the appeal then the Superior Court had no jurisdiction to hear the appeal and that the present appeal should be dismissed. *Donnelly* v. *Montague, ante,* 14, and cases cited. The appellant was aggrieved by the decision of the defendants and under the statute she was given the right to file an appeal in the Superior Court, sitting in equity. G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1. Jurisdiction was expressly conferred upon the Superior Court to "annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require." The Superior Court did not lack jurisdiction. We are dealing with an administrative board charged with important functions in regulating the use of structures and of land. This statute furnishes the exclusive remedy afforded to a landowner to determine the validity of the decision of the board denying or revoking his occupancy permit. The board was not empowered to hear the appeal of Wood and it exceeded its authority in revoking the appellant's permit.

The decree orders simply that the decision of the defend-

ants "be and the same hereby is annulled." The decree should also provide that the clerk furnish the defendants with an attested copy of the decree, and as so modified the decree is to be affirmed. *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224.

*Ordered accordingly.*