M. SPINELLI & SONS CO., INC. *v.* CITY OF CAMBRIDGE.

Suffolk.    May 9, 1940. — June 25, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Contract*, Building contract, With municipality. *Municipal Corporations*, Contracts.

A contractor, required by a contract with a city for the construction of a school house to obtain and pay for all necessary permits, could not recover from the city the amount of a fee for a building permit which the city had paid and he had then repaid to it under protest unless he proved that no permit was required in the circumstances.

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 17, 1939.

There was a finding for the plaintiff in the sum of $272 by *Brackett*, J. The Appellate Division ordered judgment for the defendant. The plaintiff appealed.

*A. M. MacNeil*, (*J. K. Jerome* with him,) for the plaintiff.

*R. C. Evarts*, City Solicitor, for the defendant.

LUMMUS, J. The plaintiff entered into a contract with the defendant to build a schoolhouse. The record fails to show whether the city by ordinance under G. L. (Ter. Ed.) c. 143, § 3, had required a building permit for the erection of a schoolhouse on land owned by it, and had required payment of a fee in obtaining such a permit, both of which requirements it might lawfully make. *Salem* v. *Maynes*, 123 Mass. 372. *Storer* v. *Downey*, 215 Mass. 273. *Kilgour* v. *Gratto*, 224 Mass. 78. *Commonwealth* v. *Atlas*, 244 Mass. 78. *Slack* v. *Inspector of Buildings of Wellesley*, 262 Mass. 404. *William W. Drummey, Inc.* v. *Cambridge*, 282 Mass. 170. *C. & H. Co.* v. *Building Commissioner of Medford*, 303 Mass. 499. *Turner* v. *Board of Appeals of Milton*, 305 Mass. 189.

The plaintiff refused to apply for any permit to build. The city applied for a permit, and one was granted by the superintendent of public buildings, upon payment by the city of a fee of $272. Upon demand by the city, the plaintiff under protest repaid it the amount of the fee, and then brought this action to recover it. The trial judge found for the plaintiff, but the Appellate Division ordered judgment for the defendant.

The contract provided that the plaintiff as contractor was to obtain and pay for all required permits. The burden was on the plaintiff to establish its contention that no permit was required where the city was the owner. There was no evidence of that. *Wolbarsht* v. *Donnelly*, 291 Mass. 229, 233. The third ruling requested, that the plaintiff cannot recover, should have been given by the trial judge. The order of the Appellate Division was right.

*Order of Appellate Division affirmed.*