MASSACHUSETTS FEATHER COMPANY *vs.* ALDERMEN OF
CHELSEA & another.

Suffolk.   January 4, 1954. — July 1, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Municipal Corporations*, By-laws and ordinances. *Zoning. Building
Laws. Chelsea. Board of Appeals. Certiorari. Practice, Civil*, Appeal,
Parties.

An appeal from an order for judgment in a certiorari case heard solely on
the pleadings and the return was properly before this court under G. L.
(Ter. Ed.) c. 231, § 96, although not under c. 213, § 1D, inserted by
St. 1943, c. 374, § 4. [528]
It was irregular to join one granted a building permit by the inspector
of buildings of a city in accordance with an order of the board of alder-
men as a respondent in a certiorari proceeding to quash the action of
the board. [528]
Upon adoption of a zoning ordinance by the city of Chelsea in 1946 es-
tablishing a board of appeals and providing for broad rights of appeal
thereto by "any person aggrieved" by action or failure to act of the
inspector of buildings in violation of the zoning ordinance "or any
ordinance affecting the use, construction, alterations and repair of
land and buildings," certain limited rights of appeal to the board of
aldermen from action of the inspector given by a provision of the
building ordinance of the city in force before 1946 were superseded in
the circumstances by the rights of appeal to the board of appeals given
by the zoning ordinance. [529–530]
One who was aggrieved by the issuance of a permit by the inspector of
buildings of a city pursuant to an order of the board of aldermen and
who had a plain and adequate remedy by appeal from the action of the
inspector to the board of appeals established under the zoning ordinance
and thence, if necessary, to the Superior Court in equity was not
entitled to pursue the remedy of certiorari to quash the order of the
board of aldermen, although that board had no jurisdiction to make
it and it was a nullity. [530]

PETITION, filed in the Superior Court on April 1, 1952,
for a writ of certiorari.

The case was heard by *Sullivan*, J.

*Alexander E. Finger*, City Solicitor, for the respondents.
*Joseph Gorfinkle*, for the petitioner.

QUA, C.J.  This is a petition for a writ of certiorari to quash action of the board of aldermen whereby the board purported to order the inspector of buildings to grant a permit to J. Shore and Co., Inc., for the extension and enclosing of a loading platform on its land between its building and the petitioner's building.  In the Superior Court an order was entered for judgment in favor of the petitioner.  The respondent aldermen appeal from the order.

Since there was no final judgment in the court below, the appeal is not here under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, but since it appears that the case was heard below solely on the pleadings and a paper which was in substance a return, as hereinafter appears, we deem the case to be properly here under G. L. (Ter. Ed.) c. 231, § 96.  *Hannigan* v. *Board of Appeals of Lowell*, 328 Mass. 366, 367–368.

Procedure has been most irregular.  Instead of filing a formal return the respondent aldermen filed a paper in the form of an answer, and all parties, including the aldermen, joined in a statement of facts setting forth fully the proceedings before the aldermen, the action taken by them and other facts necessary to an understanding of what took place.  The case was heard in the Superior Court on that basis.  All parties have taken part in this method of presenting the case.  No one has objected.  Defects of form have been waived.  We think the statement of facts as agreed may be taken as in substance a return by the aldermen, and the case may be considered on that footing. *Byfield* v. *Newton*, 247 Mass. 46, 52–53. *Wall* v. *Registrar of Motor Vehicles*, 329 Mass. 70, 72.

It was also irregular to join J. Shore and Co., Inc., as a party.  The only proper respondents to a petition for certiorari are the members of the tribunal whose action is to be examined. *Marcus* v. *Commissioner of Public Safety*, 255 Mass. 5, 8. *Farrell* v. *Mayor of Revere*, 306 Mass. 221, 225. *Marshall* v. *Registrar of Motor Vehicles*, 324 Mass. 468, 469.  It would have been proper, however, to hear argument from the Shore company without making it a

party. *Marcus* v. *Commissioner of Public Safety*, 255 Mass. 5, 8. The joining of that company was an irregularity to which all parties have assented.

We come now to the merits. Before 1946 the city of Chelsea had a building ordinance regulating in detail the different classes of construction. Part II, § 6, of this ordinance provided that any person who had been refused a permit or whose permit had been revoked or who had been ordered to incur expense might appeal to the board of aldermen, and that if the action of the inspector was modified or annulled he should issue a permit in accordance with the decision of the board. In 1946 the city adopted a zoning ordinance under the authority of G. L. (Ter. Ed.) c. 40, §§ 25–30B, as appearing in St. 1933, c. 269, § 1, and as amended. This ordinance provided for a board of appeals as required by § 30.[1] That section in its first paragraph contains this sentence, "Any board so established may also act as the board of appeals under the local building or planning ordinances or by-laws." Under the authority so conferred by § 30 and under the general authority to enact building ordinances conferred by G. L. (Ter. Ed.) c. 143, § 3, as amended, the zoning ordinance contained in its § 19 (b) a provision that appeals to the board of appeals might be taken *by any person aggrieved* by an order or decision or failure to act of the inspector of buildings in violation of the zoning ordinance *"or any ordinance affecting the use, construction, alterations and repair of land and buildings"* (emphasis supplied). The zoning ordinance further provided in § 24 that all other ordinances of the city pertaining to the same subject matter should remain in full force and effect "unless clearly inconsistent with any provisions of this ordinance." The limited system of appeal to the board of aldermen contained in the prior building ordinance was "clearly inconsistent" with the all inclusive system of appeal to the board of appeals contained in the later zoning

---

[1] Amendments to this section have no bearing upon this case.

ordinance. There could not in reason or under the statute be two boards of appeal with jurisdiction over the same appeals. Moreover, the later rights of appeal were broader than the earlier ones. The former rights of appeal to the board of aldermen under the building ordinance were superseded by the later rights of appeal to the board of appeals.

Early in 1952 the inspector of buildings denied the application of the Shore company for a building permit for its platform. The reason for this denial is not material but may be assumed to have been, as subsequently stated by the inspector in a letter to the board of aldermen, because in his opinion the proposed building would not be in accord with the building ordinance. The remedy of the Shore company was by appeal to the board of appeals under the provisions of the zoning ordinance hereinbefore set forth. Instead, the company appealed to the board of aldermen purportedly under the former provisions of the building ordinance. After a hearing, the board of aldermen ordered the inspector of buildings to grant a permit to the Shore company. This action of the board of aldermen is the action which the petitioner seeks to quash. The inspector granted the permit in accordance with the order of the board of aldermen.

The action of the board of aldermen was without jurisdiction and was a nullity, but in itself it did the petitioner no harm, and it is difficult to see how quashing it would do the petitioner any good. At any rate, the plain and adequate remedy of the petitioner, like that of the Shore company, was to appeal to the board of appeals from the action of the inspector in issuing the permit, and thence, if necessary, to the Superior Court under c. 40, § 30. Having this remedy, it could not pursue the extraordinary remedy of certiorari, even if that remedy would otherwise be available. *Clap* v. *Municipal Council of Attleboro,* 310 Mass. 605, 608. *Vivori* v. *Fourth District Court of Berkshire,* 323 Mass. 336, 338–339. *Ullian* v. *Registrar of Motor Vehicles,* 325 Mass. 197, 199. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566. Compare *Sunderland* v. *Building Inspector of*

*North Andover,* 328 Mass. 638, 641; *Fairman* v. *Board of Appeal of Melrose, ante,* 160.

It is true in general, as the respondents argue, that zoning ordinances do not supersede building ordinances. *Turner* v. *Board of Appeals of Milton,* 305 Mass. 189. But in this instance rights of appeal to the board of appeals set up under the zoning ordinance have been expressly granted to "any person aggrieved" by a decision of the inspector under the building ordinance.

A motion to dismiss this appeal as moot on the ground that a new permit issued for a platform of different construction has been granted and acted upon is denied for the reason that accompanying affidavits show that the new construction does not fully take the place of that included in the original permit ordered by the board of aldermen and that the controversy is still a live one.

The order for judgment is reversed. Judgment is to be entered dismissing the petition.

*So ordered.*