*Western District*
## SIMON G. FRIEDMAN
v.
## DUPREY REALTY CORPORATION
Argued: January 15, 1964
Decided: March 12, 1964

*Present*: Garvey, P. J., Moore & Allen, JJ.

Case tried to *McCooey, J.* in the Central District Court of Worcester. No. '63-T-925. Superior Court for Worcester County. No. 145471.

*Moore, J.* This is an action of contract originally entered in the Superior Court for Worcester County and from there remanded for trial to the Central District Court of Worcester under the provisions of G. L. c. 231, §102C.

The plaintiff's declaration in Count 1 states the defendant employed the plaintiff to procure a customer for its premises located in Worcester, Massachusetts and agreed to pay to the plaintiff the usual commission. Count 2 of the declaration which is for the same cause of action and in the form of an account annexed states "services rendered in procur-

ing a customer for the premises located at No. 757-765 Main Street, Worcester, Massachusetts five per cent (5%) of $36860.24 .... $1843.01". The defendant filed an answer of denial, plea of payment, statute of limitations, illegality, and the Statute of Frauds.

Subsequently the defendant filed a motion for summary judgment under the provisions of G. L. c. 231, §59 with an affidavit in support of the motion setting forth that the plaintiff was not a licensed real estate broker or salesman as required by G. L. c. 112, §87RR. The plaintiff filed a counter affidavit setting forth he was an attorney at law of the Commonwealth of Massachusetts and therefore exempt from the provisions of the Massachusetts statutes requiring a real estate broker, as defined in the statutes, G. L. c. 112, §87PP to obtain a license before acting as a real estate broker.

The trial judge ruled that a member of the Massachusetts Bar acting as a real estate broker for his client must be licensed to act as a real estate broker and entered an order allowing defendant's motion for summary judgment. The plaintiff being aggrieved by that order requested a report to this Division. The matter is properly before us, even though there are no requests for rulings, as there is no question of fact involved but only a question of law which makes it analogous to a case stated, *Rock v. Pittsfield,* 316 Mass. 348.

The only issue involved in this case is whether an attorney at law of the Common-

wealth of Massachusetts must be licensed as a real estate broker, as defined by G. L. c. 112, §87PP in order to sue for and recover a judgment for a fee for services against a person employing him to procure a customer for the purchase of such person's real estate.

The provisions of c. 112 of G. L. relative to real estate brokers and pertinent to the issue before us are as follows:

> A "real estate broker" is refined by G. L. c. 112, §87pp as "any person who for another person and for a fee, . . . . . does any of the following: . . . . . sells . . . . . negotiates the sale . . . . . of any real estate . . . . .".

§87QQ of said c. 112 sets forth the exemptions as follows:

> "The provisions of sections eighty-seven RR to eighty-seven DDD inclusive, shall not apply to the following: ". . . . . the services rendered to a client by an attorney at law in the performance of his duties *as such* (emphasis supplied) . . . . .".

§87RR of said c. 112 sets forth that
"except as otherwise provided, no person shall engage in the business of or act as a broker or salesman directly or indirectly, either temporarily or as an incident to any other transaction, or otherwise, unless he is licensed".

Also in the third paragraph of said section it states
"Except as otherwise provided no person shall recover in any suit or action in the courts of the Commonwealth for compensation for services as

a broker performed within the Commonwealth, unless he was duly licensed at the time such services were performed . . . . .".

Also §87CCC of said Chapter provides for a fine for the violation of the first paragraph of §87RR.

§87SS of said c. 112 in reference to applicants for a license and a written examination prior to its issuance states as follows:

"that any applicant who is an attorney at law in this Commonwealth shall not be required to take such examination".

The careful reading of all the applicable sections in c. 112 would indicate that an attorney at law of the Commonwealth must be licensed to act as a real estate broker but he need not take a written examination before obtaining such license. It is logical to conclude that the legislature felt that if a person was qualified to act as an attorney at law in this Commonwealth, a fortiori, he would be qualified to act as a real estate broker; but this is a far cry from saying that he need not be licensed as to act as such. If it had been the intention of the legislature to exempt attorneys at law generally it could have said so in plain and unequivocal language.

The only reference to the exemption of attorneys at law in the statute under consideration is in §87QQ wherein it states that sections (referring to those requiring a real estate broker to be licensed) shall not apply to the following:

"the services rendered to a client by an attorney at law in performance of his duties as such . . . . .".

We feel that the words "as such" mean services as an attorney at law and not as a real estate broker. In the instant case there is no indication or contention that the plaintiff's services were engaged other than to obtain a customer to purchase certain real estate. In fact the plaintiff's declaration, previously referred to, does not allege the performance of any other services.

It is a familiar canon of statutory interpretation that every word of a legislative enactment is to be given force and effect so far as reasonably practicable. *Hinckley v. Retirement Board of Gloucester,* 316 Mass. 496, at 500.

The maxim of statutory construction that the expression of one thing is the exclusion of another not mentioned is applicable in this case. *Universal Machine Co. v. Alcoholic Beverages Control Commission,* 301 Mass. 40; *Spence Brysen, Inc. v. China Products Co.,* 308 Mass. 81, 88.

It is hard to conceive that the legislature went to the trouble of inserting the specific exemptions as to certain phases of the statute not applying to attorneys at law as set forth above, unless the legislature intended that in general, the provisions of the statute should apply to attorneys at law except where specifically exempted.

There was no error by the trial judge in ruling that an attorney at law must be licensed

in Massachusetts in order to act as a real estate broker in Massachusetts and in the trial judge's order allowing the defendant's motion for summary judgment. *An order should be entered dismissing the report.*

Yagjian, Hart & Zarrow, of Worcester, for the Plaintiff.

Stobbs, Stockwell & Tilton, of Worcester, for the Defendant.