In the Matter of CATHERINE HICKOX et al., Appellants, against E. FLOYD GRIFFIN et al., Constituting the Board of Appeals of the Town of Oyster Bay, et al., Respondents.

Argued October 21, 1948; decided January 13, 1949.

Jackson A. Dykman, Ralph W. Crolly, W. Royden Klein and Robert E. Lawther for appellants. I. The Board of Appeals has no original jurisdiction on an application for a variance. (Matter of Mamaroneck Commodore, Inc., v. Bayly, 233 App. Div. 741, 260 N. Y. 528; Dowsey v. Village of Kensington, 257 N. Y. 221; Matter of Von Elm v. Zoning Bd. of Appeals of Hempstead, 258 App. Div. 989; Kaufman v. City of Glen Cove, 180 Misc. 349, 266 App. Div. 870; Matter of Thomas v. Board of Standards &

*Appeals,* 290 N. Y. 109; *Matter of Sanders* v. *Davidson,* 258 App. Div. 1058, 284 N. Y. 780; *Sun Oil Co.* v. *MacAuley,* 72 R. I. 206.) II. In any event the board of appeals exceeded its statutory power by attempting to review legislative general rules. (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *People ex rel. Arverne Bay Constr. Co.* v. *Murdock,* 247 App. Div. 889, 271 N. Y. 631; *Arverne Bay Constr. Co.* v. *Thatcher,* 253 App. Div. 285, 278 N. Y. 222; *Matter of Sloane* v. *Walsh,* 245 N. Y. 208; *Matter of New York Water Service Corp.* v. *Water Power & Control Comm.,* 283 N. Y. 23; *Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347; *Matter of Joyce* v. *Dobson,* 255 App. Div. 348; *Matter of Mamaroneck Commodore, Inc.,* v. *Bayly,* 233 App. Div. 741, 260 N. Y. 528; *Matter of Y. W. H. Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270.) III. In any event a variance must rest upon unnecessary and undue hardship peculiar to a particular piece of property. (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *Matter of New York Water Service Corp.* v. *Water Power & Control Comm.,* 283 N. Y. 23; *Matter of Collins* v. *Behan,* 285 N. Y. 187; *Matter of Steers, Inc.,* v. *Rembaugh,* 259 App. Div. 908, 284 N. Y. 621; *Matter of Aberdeen Garage, Inc.,* v. *Murdock,* 257 App. Div. 645.)

*Henry V. Poor, amicus curiæ,* in support of appellants' position. I. The purpose of zoning regulations is to stabilize property uses in a community. (*Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537; *Matter of Stubbe* v. *Adamson,* 220 N. Y. 459; *People ex rel. Kannensohn Holding Corp.* v. *Walsh,* 120. Misc. 467.) II. The power to vary the terms of an ordinance must be exercised sparingly. (*Prusik* v. *Board of Appeals,* 262 Mass. 451; *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals, Greece,* 271 App. Div. 33.) III. None of the necessary conditions is met in the case at bar. (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *Matter of Aberdeen Garage, Inc.,* v. *Murdock,* 257 App. Div. 645.) IV. " Unnecessary hardship " is no justification for granting a variance if the hardship is self-imposed. (*Matter of Holy Sepulchre Cemetery* v. *Board of Appeals, Greece,* 271 App. Div. 33; *People ex rel. Fordham Manor Reformed Church* v. *Walsh,* 244 N. Y. 280; *Matter of Aberdeen Garage, Inc.,* v. *Murdock,* 257 App. Div. 645; *Matter of Levy* v.

*Board of Standards & Appeals,* 267 N. Y. 347; *Matter of Prusik,* 262 Mass. 451.)

*Theodore Kiendl, William R. Meagher* and *Michael J. Petchkovsky* for Long Island University, respondent. I. The zoning board of appeals has original jurisdiction to entertain an application for a variance, and preliminary application therefor to the building inspector is not necessary. (*Broys* v *Town of Hempstead,* 272 App. Div. 3; *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals, Greece,* 271 App. Div. 33; *Matter of Underhill* v. *Board of Appeals of Town of Oyster Bay,* 72 N. Y. S. 2d 588, 273 App. Div. 788, 297 N. Y. 937; *Matter of Donegan* v. *Griffin,* 270 App. Div. 937; *Matter of Sanders* v. *Davidson,* 258 App. Div. 1058, 284 N. Y. 780; *Matter of Mamaroneck Commodore, Inc.,* v. *Bayly,* 233 App. Div. 741, 260 N. Y. 528; *People ex rel. Kannensohn Holding Corp.* v. *Walsh,* 120 Misc. 467.) II. The vendee under an executory contract to purchase land may apply for a variance as a " person aggrieved " within the meaning of subdivision 2 of section 267 of the Town Law. (*Matter of Nagaven Realties, Inc.,* v. *Banzhof,* 149 Misc. 361; *People* v. *De Goode,* 203 App. Div. 35; *Epstein* v. *Gluckin,* 233 N. Y. 490; *People ex rel. Parry* v. *Walsh,* 121 Misc. 631; *Booth* v. *Cleveland Mill Co.,* 74 N. Y. 15; *Patterson* v. *Guardian Trust Co.,* 144 App. Div. 863; *People ex rel. Bingham Operating Corp.* v. *Eyrich,* 265 App. Div. 562; *People ex rel. Fordham Manor Reformed Church* v. *Walsh,* 244 N. Y. 280.) III. The facts established by the record and those found by the board, as stated in its decision and return, warranted the granting of the variance. (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347; *People ex rel. Hudson-Harlem Co.* v. *Walker,* 282 N. Y. 400; *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635.) IV. The land cannot yield a reasonable return if used only for a purpose allowed in the zone. V. The plight of the owner is due to unique circumstances and not to general conditions in the neighborhood. (*Matter of Hopkins* v. *Board of Appeals, Rochester,* 179 Misc. 325; *People ex rel. St. Albans-Springfield Corp.* v. *Connell,* 257 N. Y. 73.) VI. The use to be authorized by the variance will not alter the essential character of the locality. VII. The zoning board of appeals had power to grant a special exception in this case, and

as the record supports such action by the board, this court may affirm on that ground, even if it should consider the case insufficient for the grant of a variance. (Building Zone Ordinance, § 18, subd. C; *Matter of Thomas* v. *Board of Standards & Appeals,* 290 N. Y. 109.)

*Theodore V. Summers* for E. Floyd Griffin and others, respondents. I. The board has the power to grant variances in a use district. II. The decision of the board of zoning appeals is presumptively correct. (*Bove* v. *Donner-Hanna Coke Corp.,* 142 Misc. 329, 236 App. Div. 37; *Morgan* v. *City of Binghamton,* 102 N. Y. 500; *Ulmer Park Realty Co.* v. *City of New York,* 270 App. Div. 1044; *Matter of Wulfsohn* v. *Burden,* 241 N. Y. 289; *Matter of Joyce* v. *Dobson,* 255 App. Div. 348; *People ex rel. Sullivan* v. *McLaughlin,* 266 N. Y. 519; *Matter of Y. W. H. Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270; *People ex rel. Fordham Manor Reformed Church* v. *Walsh,* 244 N. Y. 280; *People ex rel. Hudson-Harlem Co.* v. *Walker,* 282 N. Y. 400.)

LOUGHRAN, Ch. J. The Board of Appeals of the Town of Oyster Bay is empowered to vary or modify the application of the town zoning ordinance where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter thereof. (See Town Law, § 267; Zoning Ordinance of Town of Oyster Bay, § 18, subd. B.) This case presents questions as to the scope and meaning of the phrase " unnecessary hardships ", as that phrase is used in legislative provisions of the type that have just been cited. (Cf. General City Law, § 81.)

On May 14, 1947, Long Island University entered with Marjorie Post Davies and Adelaide B. MacNeille into a contract whereby the university agreed to purchase a 73-acre country estate owned by MacNeille plus 49 out of 107 acres of an adjoining country estate owned by Davies. The 122 acres which that contract set apart is the property here in question. It lies wholly within an area which the town of Oyster Bay has zoned as a " Residence A District ". Under the town zoning ordinance use of property as a country estate is a conforming use in such a district.

On May 20, 1947, Long Island University addressed to the town board of appeals an application for a zoning variance that

would permit the property in question to be used " as and for a university with usual campus facilities." In that application the university named itself as " appellant " and said: " Under the Zoning Ordinance of the Town of Oyster Bay no provision is made for a university though provisions are made in residential A and B Zones for a school. * * * It is submitted that the Zoning Laws as they now exist work an unnecessary and undue hardship upon this property in that no provision is made for a university in this residential area."

Hearings upon that application were thereafter held by the town board of appeals during June and July, 1947, and on July 28th, the board — one of its five members not voting and another dissenting — granted the requested variance. To obtain a review of that determination, a number of objecting property owners, who had appeared before the board, commenced this proceeding under article 78 of the Civil Practice Act. The Appellate Division confirmed the ruling of the board, two justices dissenting, and the objecting property owners then brought the case here.

By their answer in this article 78 proceeding, the board of appeals made the following allegation: " That the Board found that there was sufficient evidence presented to indicate that the property in question would not yield a reasonable return if limited to the uses under which it was presently zoned and that a hardship was proven. It further found that the property was unique in that it is a large estate property with large permanent buildings which militates against its salability and the construction of the buildings being of steel and concrete could be readily utilized for an institution of higher learning, and further that it would not adversely affect the use and development of adjacent properties."

Such findings obviously are no warrant for the special privilege which the board here undertook to confer upon Long Island University. Structures upon the property in question may be peculiarly suited to the purposes of that institution, but considerations of that sort are here irrelevant, as also is the evidence that country estates cannot be managed with economy and are not very easy to sell (see *Matter of Y. W. H. Assn.* v. *Board of Standards & Appeals*, 266 N. Y. 270). There must at least be proof that a particular property suffers a singular disadvantage

through the operation of a zoning regulation before a variance thereof can be allowed on the ground of "unnecessary hardship" (see *Dowsey* v. *Village of Kensington,* 257 N. Y. 221, 227–228; *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 75–76). Not an item of proof to that effect appears in this record and so the granting of the application of Long Island University for a variance of the zoning ordinance of the town of Oyster Bay cannot be upheld.

Long Island University asks us to sustain the determination of the board of appeals on the strength of subdivision C of section 18 of the town zoning ordinance, which, within limits stated therein, empowers such a board to authorize "special exceptions" to its zoning regulations, "subject to appropriate conditions and safeguards". But the application of the university for a variance was made under subdivision B of section 18 of the ordinance and prayed only for leave to use the property in question "as and for a university with usual campus facilities" — an application which, as we have seen, was granted without qualification. So broad a license cannot in our judgment now be looked upon as an award by the board of a special exception pursuant to subdivision C of section 18. (Cf. *Matter of Thomas* v. *Board of Standards & Appeals,* 290 N. Y. 109, 115–116.)

Mention should be made of two important additional issues which have been argued before us, viz.: (1) Does section 267 of the Town Law empower a town board of appeals to entertain an application for a zoning variance in the first instance, i.e., without prior request for issuance of a permit by the building inspector of the town or other authority having original jurisdiction? (2) Is the vendee named in an executory contract to purchase land a "person aggrieved" within the meaning of section 267 of the Town Law, even in a case where (as here) the passing of title is by the contract conditioned on the granting of a zoning variance? Since these questions were not raised before the town board of appeals, we prefer not to decide them on the present record.

The order of the Appellate Division should be reversed, the determination of the town board of appeals annulled and the application denied, with costs.

Lewis, Conway, Desmond, Dye and Fuld, JJ., concur.

Order reversed, etc.