In the Matter of JACK RYBACK, Appellant, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and SENVILLE-35TH STREET REALTY CORP., Intervenor-Respondent.

First Department, January 31, 1956.

*Philip O. Eisenberg* for appellant.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondents.

*Jesse Climenko* of counsel (*Martin I. Shelton* with him on the brief; *Gallop Climenko & Gould,* attorneys), for intervenor-respondent.

BASTOW, J. The board of standards and appeals has granted an area variance to permit intervenor, who was erecting an apartment building with stores on the ground floor, to occupy on the ground level only, an area of 9,194 square feet of a plot having a total area of 9,900 square feet. Strict application of subdivision (b) of section 12 of the Zoning Resolution of the City of New York would limit such coverage to 7,159 square feet. The authority of the board to grant such a variance is found in section 21 of the resolution which provides, in part, that " [w]here there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions * * * the Board * * * shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done."

The intervenor, in its application for a variance, stated as the only substantial reason to show " practical difficulty and unnecessary hardship " that " [i]t will not be possible to rent the store in question to a choice tenant unless the store has greater depth." Neither in the application nor upon the hearing did the intervenor disclose what efforts it had made to rent the store property to any other prospective tenant, choice or otherwise.

We agree with the board that the tests stated in *Matter of Otto* v. *Steinhilber* (282 N. Y. 71) relate to a use variance and are not applicable in their entirety to an area variance. It is elemental, however, that before the board may grant a variance, the record must disclose some basis to justify the conclusion that there are practical difficulties or unnecessary hardships. Here the record is silent upon these points. Certainly, the bald statement that the variance must be granted because it will not be possible otherwise to rent the store to a " choice " tenant, does not sustain a finding of unnecessary hardship. As was said in *People ex rel. Fordham Manor Ref. Church* v. *Walsh* (244 N. Y. 287) : " [t]here must then be a showing of something more, a showing of ' unnecessary hardship.' If such hardship exists, the reasons for its existence should appear from the return. Only thus can a court know whether they are substantial or illusory. * * * To characterize the situation as a hardship without more does not tend in any substantial degree to enlighten a reviewing court. There must be disclosure of the facts from which hardship is inferred."

The other findings made by the board are no warrant for the special privilege the board conferred upon the intervenor. It may be of some collateral assistance to find that adjoining properties will not be deprived of light, air or ventilation by the proposed variance, but the conclusion of unnecessary hardship may not be bottomed upon this and similar findings. In *Matter of Hickox* v. *Griffin* (298 N. Y. 365, 370–371) it was said that " [t]here must at least be proof that a particular property suffers a singular disadvantage through the operation of a zoning regulation before a variance thereof can be allowed on the ground of ' unnecessary hardship ' [citing cases]. Not an item of proof to that effect appears in this record and so the granting of the application of Long Island University for a variance of the zoning ordinance of the town of Oyster Bay cannot be upheld." While the court was there considering a use variance, the discussion, as to the scope and meaning of the phrase " unnecessary hardship " as that phrase is used in the provision under consideration, is here applicable.

The order appealed from should be reversed, with costs, the determination of the board of standards and appeals annulled and the matter remitted to the board for further proceedings not inconsistent with this opinion.

BREITEL, J. P., BOTEIN, RABIN and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the determination of the board of standards and appeals annulled and the matter remitted to the board for further proceedings not inconsistent with the opinion herein.