■ In the Matter of ANNA BOBROWSKI et al., Petitioners, against RALPH FERIOLA et al., Constituting the BOARD OF APPEALS UNDER THE CITY OF YONKERS ZONING ORDINANCE OF 1953, Respondents, and DELLWOOD DAIRY COMPANY, INC., Intervenor-Respondent.— Proceeding to review a determination of the board of appeals of the City of Yonkers which granted the application of the intervenor-respondent for a variance as to part of the land in question and subject to a stated condition. The intervenor-respondent operates what is described in its application as "milk bottling and distribution plant" on its land in an industrial or "I" district, under the building zone ordinance of the City of Yonkers, which use is permissible in that district under the said ordinance. It also owns land which is contiguous to the property just mentioned, but which lies in an "M" or residence district under the said ordinance. The application was to permit use of the "M" district land as a "parking lot for accessory use to" the said plant, that is, for the trucks of the intervenor-respondent. Such use of the subject land is not permitted under the ordinance.

The application was granted to the extent of a depth of 70 feet of the subject land (which land has a depth of about 100 feet in all), measured from the rear of the present plant property, and subject to the condition that a chain link fence be constructed along a line 30 feet westerly from the front property line of the subject land. The proceeding was transferred to this court. (Civ. Prac. Act, § 1296.) Determination annulled, with $10 costs and disbursements to petitioners. The doctrine that one who "knowingly acquires land for a prohibited use, cannot thereafter have a variance on the ground of 'special hardship'" (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86, 89), which was applied in the cited case and also in *People ex rel. Fordham M. R. Church* v. *Walsh* (244 N. Y. 280, 288), *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals* (271 App. Div. 33, 41) and *Matter of Thomas* v. *Board of Standards & Appeals* (263 App. Div. 352, 355, revd. on other grounds 290 N. Y. 109) should not be invoked for the purpose of annulling a determination granting a variance in a proceeding such as this. In the cited cases, the applicants for variances were not, as was the intervenor-respondent, engaged in a lawful use of property contiguous to the subject land prior to the acquisition thereof, and were not impelled by the limitations of that contiguous land to seek a way out of the plight occasioned by said limitations. The claimed plight of the applicants in those cases did not antedate their purchase of the subject land. There was, however, no warrant for the granting of the variance in the absence of a showing, among other things, that the land in question could not yield a reasonable return if used for a purpose allowed in an "M" district (see *Matter of Taxpayers' Assn.* v. *Board of Appeals*, 301 N. Y. 215, 218, and cases therein cited). This showing might be in the form of evidence presented to the board of appeals or, if the board acted in reliance upon facts within the personal knowledge of its members, those facts and the personal knowledge of the board members must be set forth in the board's answer to the petition (see *People ex rel. Fordham M. R. Church* v. *Walsh, supra*, p. 287), or in the board's findings made in connection with the determination. There is no showing in this record, in either form. Accordingly, the determination must be annulled. In view of the disposition of this proceeding upon the ground just above stated, it is unnecessary to decide whether the fact that the determination under review was not made at a public meeting held by the board of appeals rendered the determination invalid. Wenzel, Beldock and Kleinfeld, JJ., concur; Nolan, P. J., and Murphy, J., concur in the conclusion that the determination under review should be annulled on the ground stated, and on the further ground that the intervenor-respondent knowingly purchased the subject property for a purpose prohibited by the zoning ordinance, and hence may not have a variance on the ground of "special hardship". (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86, 89.)