Frank Del Vecchio, J.
This is a motion for reargument in a proceeding to review and annul a determination by the Zoning Board of Appeals of the Town of Onondaga denying an application for a variance to permit the erection of a gasoline station on the northeast corner of Velasko and McDonald Roads.
At the time the original motion was argued petitioners sought to have the court hold a hearing and take additional proof to that introduced before the zoning board at the public hearing held October 12,1956. By its decision rendered December 26, 1956 the court denied that request and remitted the matter to the zoning board to make findings of fact, granting petitioners the right to a further hearing before the board at which they might introduce such additional evidence.
Upon this motion for reargument the parties agree that the board did in fact make findings in support of its previous determination and further agree that the findings so made are contained in paragraphs 6 to 22 inclusive of respondents’ answer. Petitioners also waive their right to a further hearing as directed by the court and consent to a determination of their claim that the board was arbitrary and capricious in denying the variance, based solely upon the evidence before the board at the original hearing. In view of these circumstances, the motion for reargument is granted and the court will now review respondents’ determination on the merits, considering the single question whether the petitioners proved unnecessary hardship *36 so that the zoning board was arbitrary, capricious and unreasonable in denying the relief requested.
The property for which the variance is sought is a vacant corner lot having a frontage of approximately 214 feet on Velasko Road and 167 feet on McDonald Road. The terrain of the area is rocky and for the most part uncultivated. The other three corners of the intersection are occupied by the Velasko Inn, a public restaurant and grill, on the southeast corner, by the Velasko Riding Stables on the southwest corner and by a vacant house of some years vintage on the northwest corner. Directly north of the subject premises on Velasko Road is a concrete block building operated as á veterinary establishment and the Syracuse Sawdust Co. is located on McDonald Road two lots east of the inn. The balance of the locality is divided between residences and vacant land.
The area was first zoned in 1948 when it was classified as open land district. In 1953 the Town Board of the Town of Onondaga adopted a zoning ordinance designating the area as one-familv residential district R-l-1, the most restricted classification provided by the ordinance. Uses permitted in the district may be described generally as one-family dwellings, religious buildings, parks and recreation buildings, schools, libraries, municipal buildings, philanthropic institutions, hospitals, cemeteries, camps, airports, correctional institutions, nurseries, customary home occupations, necessary utility structures, and other customary accessory buildings “ provided such uses are incidental to the principal use and do not include any activity commonly conducted as a business.” At the time of the reclassification Velasko Inn existed and has since continued as a nonconforming use. The veterinary establishment was subsequently permitted in the area through a variance granted by the zoning board. There is nothing in the record to indicate how long Syracuse Sawdust Co. and Velasko Riding Stables have been in operation in the area.
The authority to grant variances in the application of the zoning ordinances in the town of Onondaga is vested in the zoning board of appeals by paragraph 5-C of the ordinance adopted in 1948, which provides that where there are practical difficulties or unnecessary hardships in carrying out the strict letter of the ordinances the board is authorized to grant variances therein, ‘ ‘ so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done.”
Following the hearing on the application at hand, respondents determined, among other findings, “that the granting of *37 the Variance would not be permitted by the paragraph of the Town of Onondaga Zoning Ordinance of 1948 which is entitled ‘ Board of Appeals ’, and more particularly by paragraph ‘ 5-C ’ thereof. ’ ’
In order to succeed in this proceeding, petitioners must meet the burden of establishing that respondents acted capriciously, arbitrarily or unreasonably, for, absent such proof, the court has no power to substitute its judgment for that of the duly constituted administrative authorities. (People ex rel. St. Albans-Spring field Corp. v. Connell, 257 N. Y. 73, 78; Shepard v. Village of Skaneateles, 300 N. Y. 115, 118; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121; Matter of Holy Sepulchre Cemetery v. Board of Appeals, 271 App. Div. 33, 42.)
The Court of Appeals in Matter of Otto v. Steinhilber (282 N. Y. 71, 76) made clear the facts which must be proved to establish unnecessary hardship justifying the granting of a zoning variance, viz.: “that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality.” When these facts have been established, the administrative agency’s denial of a variance is arbitrary and unreasonable and subject to reversal by a court of law. (People ex rel. St. Albans-Springfield Corp. v. Connell, supra; Crone v. Town of Brighton, 119 N. Y. S. 2d 877.)
In determining whether petitioners have met the burden of proof imposed on them, the court has considered only the summarized minutes of the public hearing of October 12, 1956 together with the following exhibits then submitted: Area map, petition with consents to variance, two letters of consent, opinion by relator James H. Dawley, and plot plan, building plan and sketch of proposed service station. After reviewing this evidence this court is of the opinion that petitioners have failed to satisfy the requirements set forth in Matter of Otto v. Steinhilber (supra).
With regard to prospective use of the premises under the zoning ordinance, the attorney for petitioners stated at the hearing that the Grahams had owned the property since 1943 (although the petition alleges 1948) and had never received any offers for it. He also stated however that his clients had not had clear title and had ‘ ‘ been all this while trying to clear it up.” On this state of the record the case is far different from *38 Crone v. Town of Brighton (supra) where there was positive proof of active, long-continued hut unsuccessful efforts by the owners to sell the property coupled with testimony by a real estate expert as to the unavailability of financing for the premises if used in accordance with the zoning ordinance. In those circumstances the absence of a purchase offer might well be indicative that the property could not yield a reasonable return as zoned. However, no such proof was before the board in this case. Even the affidavit of the relator Dawley stated merely that in his opinion ‘ ‘ the nature of the corner is business ’ ’ and that the erection of a gasoline station would not harm any of the adjoining properties.
Moreover, it should be observed that the permissible use to which petitioners’ property may be put is not limited solely to residences but includes a number of business or quasi-business activities, including recreation buildings, libraries, nurseries and others. Assuming, but not deciding, that the lot may be undesirable for residential use, there was no proof before the board that it could not yield a reasonable return if adapted to one of the nonresidential uses provided by the ordinance.
Petitioners also failed to offer proof establishing that their alleged hardship is due to unique circumstances incidental to their property rather than to the general conditions in the neighborhood which might reflect the unreasonableness of the zoning itself.
The petition alleges that there is no water or gas service and there are no street lights or sidewalks in the area around the intersection of Velasko and McDonald Roads; that located in the immediate vicinity of the subject premises are low-class residential structures which are poorly maintained and are in a run-down condition; that some of the neighboring land is unsuitable by nature for development as residences; and that the area has no essential character as residential, commercial or otherwise. Photographs offered by petitioners tend to support the foregoing statements and also show the nature and existence in the locality of the business places which have already been described.
There is nothing in what has been said however which relates solely to the property owned by petitioners. “ There must at least be proof that a particular property suffers a singular disadvantage through the operation of a zoning regulation before a variance thereof can be allowed on the ground of ‘ unnecessary hardship’.” (Matter of Hickox v. Griffin, 298 N. Y. 365, 370-371.)
*39 All of the afore-mentioned factors relate as well to the surrounding property and, in the opinion of this court, seem to indicate that classification of the area as one-family residential R-l-1 is unrealistic and unwarranted. That the area is overzoned however is no basis for granting a variance. (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86, 91.) When the conditions causing hardship are general throughout the neighborhood itself relief lies in an attack on the constitutionality of the ordinance or in a change of the regulation. (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222; Matter of Clark v. Board of Zoning Appeals, supra.)
In view of the foregoing, it is unnecessary to consider whether petitioners met the burden of establishing that the variance requested would not change the essential character of the locality.
On the record here presented, petitioners have failed to prove that respondents acted arbitrarily, capriciously or unreasonably in denying the variance requested.
Accordingly, the relief demanded in this proceeding must be denied and the petition dismissed.