Bernard S. Meyer, J.
This article 78 proceeding seeks an order requiring the issuance of a sign permit by the Clerk of the Village of Williston Park. The Village Ordinance provides that:
“ Application for erection permits shall be made upon blanks provided by the Building Inspector, or Village Clerk, and shall contain or have attached thereto * * *
“ (7) Written consent of the owner of the building, structure or land to which or on which the structure is to be erected.”
Petitioner submitted with his application his sublease of the store on which it is proposed to erect the sign, and the lease between his landlord and the owner of the building. Petitioner’s sublease provides: “ The tenant shall have the right to place a sign across the front of the store in accordance with the Village Code.” The overlease provides: “Tenant has right to put sign across front of store in accordance with Village Code,” and further that “Tenant has right to sub-let premises for same term as lease for office space only.” The term of the overlease is March 15, 1960 to March 14, 1962; of the sublease, March 15, 1960 to March 14,1961.
The Village Clerk contends that the consent required by the ordinance is for the particular application rather than a general consent. While the ordinance could so provide, the language in which it is phrased cannot be so construed. Under that language, a written consent of the owner to the erection of s “ sign across front of store in accordance with Village Code ” is sufficient to support an application for any sign to be erected across the store front provided it complies with the code.
The village urges further that the owner has advised the Clerk of a dispute with her tenant, petitioner’s landlord, as a result of the subletting, and that the Clerk should not be required to determine that dispute or interpret private contracts. The ordinance does not require the consent of the owner to be indorsed on or to refer to the particular application; the Clerk *128 must, therefore, review such documents as are presented to him (o determine whether they constitute the ‘ ‘ written consent of the owner ” required by the ordinance and that determination is subject to court review and reversal if arbitrary or capricious. In the instant case, the over-landlord consented to a sublease “ for same term the sublease is for a lesser term. What the purpose of the over-landlord and the petitioner’s landlord may have been in limiting petitioner’s landlord to what in effect would be an assignment of his lease, or whether that was actually their intention need not now be considered. The documents presented to the Clerk did not so clearly evidence the consent required by the ordinance that the Clerk’s contrary determination can be said to be arbitrary or capricious. The petition must, therefore, be dismissed.