Michael E. Sweeney, J.
This is a proceeding under article 78 of the Civil Practice Act to review the determination of the Zoning Board of Appeals of the City of Amsterdam which granted a variance to the intervenors-respondents permitting them to erect a shopping center upon a five-acre tract of land previously zoned as B-residential. The petitioners are property owners and the City School District of the City of Amsterdam, who own property in the vicinity and adjacent to the property in question and who oppose the granting of the variance.
The property in question has been owned by the city since 1942. The intervenors-respondents entered into a conditional sales agreement to purchase the property from the city for $15,000, provided the variance was granted.
The Zoning Ordinance of the City of Amsterdam sets forth the purposes of the ordinance, the pertinent parts of which are as follows: “ For the purpose of promoting the health, safety, morals and general welfare of the community; for the purpose of lessening congestion in the streets * * * for the purpose of facilitating adequate provision of transportation, water, sewerage, schools, parks and other requirements; for the purpose of conserving the value of buildings and encouraging the most appropriate use of land throughout the city; for the purpose of providing for the public health, comfort and general welfare in living and working conditions; and for the purpose of regulating and restricting the location of trades and industries and the location of buildings designed for specified uses * * * the city of Amsterdam is hereby divided into seven classes of zones.”
In section XIII, the ordinance provides that the Zoning Board of Appeals is empowered to vary any requirement of the ordinance in harmony with its general purposes and intent, “ solely *524 in instances where there are practical difficulties or unnecessary hardships and in a manner to secure the public health, safety and general welfare.”
The record clearly indicates that the property in question is located in one of the older and perhaps less desirable residential areas, particularly for new building, in the City of Amsterdam. Also located in this same area is one of the Amsterdam city schools. All parties agree that the property is not in a transition stage. One of the purposes of the Zoning Ordinance, as stated therein, is to lessen congestion in the streets for the purpose of facilitating transportation, water, sewerage, schools — the ordinance also contains the general public health, comfort, etc., regulations. It further proposes to regulate and restrict trades. The zoning law, however, provides for a variance solely in instances where there are practical difficulties or unnecessary hardships. The burden of proof rests upon the intervening respondents to show that they are suffering an unnecessary hardship. (Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39.)
In Matter of Otto v. Steinhilber (282 N. Y. 71), the court states: “ Before the Board [of Appeals] may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality ” (p. 76).
None of these prerequisites have been met by the intervening respondents on this record. In the first instance, they are merely contract vendees and actually will purchase the land if they are successful in obtaining a variance. If the variance is not granted, they do not take the land and obviously suffer no hardship. This in and of itself is sufficient to reverse the holding of the board. (Matter of Blumberg v. Feriola, 8 A D 2d 850, affd. 7 N Y 2d 852 ; Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86.)
In addition, however, I do not feel that the plight of the intervening respondents is unique. All the property in this area is in the identical situation. The change in the area is due to the general conditions in the neighborhood. The remedy is to change the ordinance itself and not by a variance. (Rodgers v. Village of Tarrytown, 302 N. Y. 115.)
*525 - Further, two of the stated purposes of the ordinance in question are to lessen the congestion in the streets, and to facilitate adequate provisions for schools. A shopping center on the scale contemplated here would certainly increase vehicular traffic. This would necessarily create additional problems for the school. The interest of the school which is in conformity with the ordinance should supersede that of a new shopping center. Therefore, the determination of the Zoning Board of Appeals is reversed and the granting of the variance annulled.