In the Matter of ROSE KRUPNICK et al., Appellants, v. CHARLES SILVER et al., Constituting the Board of Zoning Appeals of the City of Long Beach, Respondents, and TOBY S. GROSS, Intervenor-Respondent.—

In our opinion, the findings of the board are sustained by the evidence. The intervenor's house was converted from a one to a two-family dwelling in 1946 pursuant to an appeal by governmental authority and permission granted by the Building Department of the City of Long Beach, and at substantial cost to the intervenor. No objection to the two-family dwelling was made by anyone for 14 years. The cost of restoring the house for use as a one-family house is prohibitive. These facts are sufficient to show a hardship uniquely applicable to this property and to distinguish *Matter of Asch* v. *Gillispie* (14 A D 2d 543). Beldock, Acting P. J., Kleinfeld and Pette, JJ., concur; Ughetta and Christ, JJ., dissent and vote to reverse the order and to annul the determination of the Local Zoning Board, with the following memorandum: The board may permit a two-family house in a one-family district only upon a showing of hardship uniquely applicable to the subject property (*Matter of Otto* v. *Steinhilber*, 282 N. Y. 71; *Matter of Hickox* v. *Griffin*, 298 N. Y. 365). The proof in this case is directed to a change of character of the neighborhood, not to a situation unique to this parcel of land. Hardship which is common to a whole neighborhood must be remedied by a change in the ordinance, not through a piecemeal variance by a zoning board of appeals (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86). The hardship here, if any, does not peculiarly affect the subject land and building. It is hardship arising because of the peculiar family situation of those in occupancy.