■ In the Matter of ELIZABETH K. WILCOX et al., Appellants, v. ZONING BOARD OF APPEALS OF THE CITY OF YONKERS, Respondent, and WESTVIEW TOWERS CORP., Intervenor-Respondent. In the Matter of JAMES J. O'DONNELL, Appellant, v. ZONING BOARD OF APPEALS OF THE CITY OF YONKERS, Respondent, and WESTVIEW TOWERS CORP., Intervenor-Respondent. In the Matter of JOHN E. FLYNN et al., Appellants, v. RALPH B. FERIOLA et al., Constituting the Zoning Board of Appeals of the City of Yonkers, Respondents, and WESTVIEW TOWERS CORP., Intervenor-Respondent.— In three consolidated proceedings by owners of real property located in the vicinity of premises known as 377 North Broadway in the City of Yonkers, and by the Mayor and other members of the Common Council of the City of Yonkers, pursuant to article 78 of the CPLR, to review a determination of the respondent Zoning Board of Appeals of the City of Yonkers granting to the intervenor owner of said premises a zoning ordinance variance so as to permit the erection of an apartment house building for 156 families with an average floor area per family of 1,250 square feet and with a height of 55.2 feet above the grade of North Broadway, the petitioners appeal from a judgment of the Supreme Court, Westchester County, entered September 14, 1964, which denied their respective applications and dismissed all three proceedings on the merits. Judgment reversed on the law and the facts, without costs, and the proceedings remitted to the respondent Zoning Board of Appeals of the City of Yonkers: (1) for the purpose of taking further proof with respect to (a) whether a reasonable return can be obtained from a use of the land for any purpose allowed in the zone in which it is located; and (b) whether the plight of the owner is due to unique circumstances and not to general conditions in the neighborhood, including proof as to whether the site characteristics of the land are similar to the general site conditions in the neighborhood; (2) for the purpose of making a determination *de novo* on the basis of such proof; and (3) for further proceedings not inconsistent herewith. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. We consider that the application for the variance relates to a use variance or a combined use and area variance and thus that the owner was required to establish both practical difficulty and unnecessary hardship (*Matter of Markovich* v. *Feriola*, 41 Misc 2d 1051, affd. 22 A D 2d 691; *Matter of Village of Bronxville* v. *Francis*, 1 A D 2d 236, 239, affd. 1 N Y 2d 839; *Matter of Hartsdale Station Shopping Center* v. *Liberman*, 11 A D 2d 1073). However, the rule barring relief for a use variance to one who purchases a lot for a use proscribed by the ordinance (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86; *Matter of Blumberg* v. *Feriola*, 8 A D 2d 850, affd. 7 N Y 2d 852; *Matter of Freitag* v. *Marsh*, 280 App. Div. 934) does not apply here. The uncontradicted evidence indicates that the owner purchased the

property when it was improved by a large brick house and outbuildings which were thereafter partly destroyed by fire and had to be demolished by the owner. At the time of the purchase, the owner intended to use the premises for a purpose consistent with the requirements of the zoning ordinance. The hardship to the owner here, therefore, was due to a subsequent unforeseen event not attributable to the owner, and does not come within the class of a self-imposed hardship. It is now the claim of the owner that the vacant land, if utilized for a purpose allowed by the zoning ordinance, cannot yield a reasonable return on its investment. The proof before the Zoning Board produced by the owner did not satisfy the requirements of the tests set forth in *Matter of Otto* v. *Steinhilber* (282 N. Y. 71, 76). Nevertheless, since the owner apparently was proceeding upon the erroneous theory that the variance sought was an area variance and that all that it was required to establish was practical difficulty, the matter should be remitted so that further proof may be taken with respect to the elements indicated. Ughetta, Acting P. J., Christ, Benjamin, Rabin and Hopkins, JJ., concur.