■ In the Matter of SALVATORE I. FIORE et al., Respondents, v. ZONING BOARD OF APPEALS OF THE TOWN OF SOUTHEAST, Respondent. HARRY E. AIDT, JR., et al., Intervenors-Respondents-Appellants.— In a proceeding under CPLR article 78 by neighboring property owners (petitioners) to annul a determination of the Zoning Board of Appeals of the Town of Southeast whereby it granted a variance to the intervenors (owners of premises situated in an R-2 District) permitting them to use a barn thereon as a warehouse for storage of antique furniture, the intervenors appeal from a judgment of the Supreme Court, Putnam County, entered November 8, 1965, which annulled the determination and denied the variance. Judgment affirmed, without costs. No opinion. Ughetta, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to reinstate the board's determination with the following memorandum, in which Beldock, P. J., concurs: Appellants own and operate an antique business about one-half mile south of the location of the barn for which they sought a use variance. They purchased the barn property in October, 1964, having used it previously for four years without objection for the storage of antiques. In granting the variance, the Zoning Board of Appeals found that (1) the barn could not be used under the existing ordinance for any purpose save that of a single-family dwelling; (2) it is impracticable to convert the barn to such purpose; (3) the use of the barn for the storage of antiques is reasonable and does not depreciate property values; (4) the conditions attached to the variance will preserve the character of the neighborhood; and (5) the issuance of the

variance observes the spirit of the ordinance, secures public safety and welfare and does substantial justice. Special Term annulled this determination and denied the variance, holding that unnecessary hardship had not been proved since there had been no showing that the land itself could not be utilized as permitted by the statute. This leaves the barn a useless appendage with no economic value. Subdivision 5 of section 267 of the Town Law provides, *inter alia,* that: " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such [zoning] ordinances, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." In its finding of no unnecessary hardship, Special Term addressed itself only to those uses to which appellants' land could be put, ignoring the statutory authorization of a use variance for a building. In this regard, section 263 of the Town Law mandates that zoning regulations and, implicitly, use variances, " shall be made with  *   *   *   a view to conserving the value of buildings ". It is not within our proper province to disturb the finding of a rural Zoning Board of Appeals, familiar with the local situation, that the structure cannot be used for any practical purpose within the existing zoning ordinance, that unnecessary hardship would result from a denial of the proposed use, that the proposed use variance would not interfere with the local esthetics and would not depreciate property values and that the variance would promote the public safety and welfare. We certainly may take notice of the fact that barns in rural areas which have outlived their usefulness for farm purposes are often used for the commercial storage of antiques and furniture with no esthetic or economic depreciation in the community. It is a part of the American culture for professional and amateur collectors to seek rare examples of early Americana in such hidden places. It is suggested that guidelines and rules laid down in cases such as *Matter of Village of Bronxville* v. *Francis* (1 A D 2d 236, affd. 1 N Y 2d 839) and *Matter of Clark* v. *Board of Zoning Appeals* (301 N. Y. 86) prevent the granting of this variance by the local Board of Appeals, upon which is cast the power and authority to grant or deny such variances in its discretion. I do not read these cases as either apposite or controlling. In *Clark,* an entrepreneur purchased a vacant lot in a highly-developed residential area of fine homes and then sought to obtain a variance for the operation of a funeral parlor which could well have brought daily crowds of people into this quiet, well-maintained community of private homes causing traffic hazards, noise and confusion in the neighborhood. The Court of Appeals held that under such conditions it was hardly proper for the entrepreneur to purchase the vacant lot and then claim a hardship variance which, if granted, would distort the neighborhood and depreciate the community. The continued use of this barn for antique furniture on this sparsely-settled county road, doing no violence to existing esthetics, is hardly an analogous fact pattern. It is clear that the appropriate guidelines are fully set forth under the Town Law, to wit, to promote public safety and welfare and to secure substantial justice. This can only mean justice to the landowner and justice to the community. For the implementation of this broad grant of discretion, the law provides that the local board of appeals is to conduct hearings and make just decisions in the public interest. The town fathers have convened and acted. They have determined that community esthetics, general welfare and substantial interest support the employment of this old barn for the permitted uses granted by the variance. They prefer the storage of antiques to the smells, noises and unesthetic disorder of a typical barnyard. They fear an abandoned barn as a rendezvous for unsa-

vory characters, and as a social and physical eyesore. By our edict here we overrule the autonomy and authority conferred upon the local body to make what they believe to be so obviously a just and appropriate decision and force them to accept a result which does violence to their sense of justice and which they consider hostile to the welfare of the community. I find no authority so compelling as to mandate such an anomalous result. The *amicus curiæ* brief submitted by substantial members of the community, the minutes of the meeting pursuant to which the variance was granted, the *mores* of the American community which puts just such barns to just such uses in thousands of rural areas in every section of our land and the right of local communities to self-determination in such local matters all cry out against the self-shackling of courts by reason of words used in entirely different factual situations in an area in which necessarily the consideration of the right to a variance implies the recognition of differences. We are here not called upon to overrule the community decision granting a variance, but to uphold it. It cannot logically be held that this town has acted in excess of the broad power conferred upon it by law. Every instinct of justice mandates respect for and support of the granting of this variance. I would reverse and reinstate the determination of the Zoning Board of Appeals.