Robert O. Brink, J.
This is a proceeding pursuant to article 78 of the CPLR to review a decision of the Board of Trustees of the Village of Endicott refusing the petitioner a permit to install an underground gasoline tank and pump on premises occupied by the petitioner at 700 Jenkins Street in the Village of Endicott, Broome County, New York.
The petitioner, with the assistance of his son, Francis E. Grassi, Jr., operates a garbage disposal business in connection with which he maintains his trucks in and near a garage on the premises in question. His residence is on an adjoining lot. The area is zoned as a two-family residential district. The petitioner has operated a garbage disposal business from this location since 1951.
In March of 1968, petitioner applied to the Village Board of Trustees of the Village of Endicott for a permit to install an underground gasoline tank and pump to service his own trucks on his premises pursuant to the requirements of chapter 3, article 3, section 6 of the General Ordinance of the Village of Endicott. Thereafter, pursuant to the requirements of said Ordinance, the Fire Marshall of the Village of Endicott investigated the premises and issued a recommendation that the permit be granted.
On April 22, 1968, the Village Board denied the permit. No written notice was given the petitioner but he contends that he was informally advised that the reason for the refusal was that some of the neighbors objected.
After this proceeding was instituted and subsequent to the argument, the Village Attorney, by a supplemental affidavit and brief, called the court’s attention to the fact that the petitioner was not the owner in fee of the premises on which he sought to install the gasoline tank and pump. For this reason, the court, on May 7,1969, directed that a hearing be held for the purpose of clarifying certain issues of fact. Such hearing was held on the 26th day of May, 1969 at which time evidence was submitted in behalf of both parties.
It is the contention of the respondents that the petitioner is conducting his business in violation of an existing Zoning Ordinance of the Village of Endicott due to the fact that his premises *378 are located within a two-family residential zone. The Zoning Ordinance involved was enacted on May 7, 1962.
. Prior to July 25, 1960, the premises in question were part of the Town of Union and outside of the Village of Endicott. For three years prior to 1960, the premises were zoned residential under a Zoning Ordinance of the Town of Union; however, when the area was annexed by the Village of Endicott on July 25, 1960, the Town Zoning Ordinance became ineffective as to petitioner’s premises. Following the annexation there was no Zoning Ordinance of the Village of Endicott applicable to the premises in question. Such ordinance was not enacted until May 7, 1962, nearly two years later. It is the opinion of this court that during that two-year period, the petitioner acquired a nonconforming use in connection with his garbage disposal business which was not restricted by the Zoning Ordinance of 1962. It is reasonable to assume that the village officials had known for several years that the petitioner had been storing his trucks on the premises involved. In fact, in 1963, a permit was issued to construct a garage on the premises for this purpose. It should be borne in mind that the application for the permit to install the gasoline tank and pump was not in the nature of an application for a variance under the Zoning Ordinance. The petitioner applied for this permit under a Public Safety Ordinance and received the necessary approval of the Fire Marshall. The Zoning Ordinance was not directly involved. In the opinion of this court, under these circumstances, the Village Board cannot use the Zoning Ordinance as an excuse for an arbitrary and unreasonable abuse of discretion. (Matter of Larkin v. Schwab, 242 N. Y. 330; Matter of Carpenter v. Grab, 257 App. Div. 860.)
It would seem that the continuation of this business in an attractive residential district might be more objectionable if it were not for the fact that in the immediate vicinity, in the same zone area, Anthony and Michael Pasquale operate a construction business on property located on Cornell Avenue in the Village of Endicott, less than 125 feet from petitioner’s property, and were permitted the underground storage of gasoline and the installation of pumps.
It appears that on or about the 14th day of April, 1958, the petitioner deeded a portion of his land involving the premises related to this application, to his son, Francis Edward G-rassi, Jr., and it further appears from the evidence that following this conveyance, petitioner did not give up the control of the property. The deed was given to the son who was associated with his father in the business, to protect him after the father’s death. The son works for the father in the garbage disposal business *379 and is compensated by the allocation of a certain number of customers from whom he collects for his services. These proceeds are retained by the son for his income. He uses his father’s trucks, supplies, and on occasion, some of his father’s fellow employees. The application for the permit for the gasoline tank and pump was made with the son’s knowledge, approval and authorization, for the benefit of the family business. Under these circumstances, the father was not only the occupant and equitable owner of the premises but was authorized by his son, the owner in fee, to make the application. As equitable owner and occupant of the premises, the petitioner is an “ aggrieved person ’ ’ and entitled to institute the article 78 proceeding. (Matter of Romeskie v. Chapin, 47 Misc 2d 389; Matter of Hickox v. Griffin, 274 App. Div. 792, revd. on other grounds 298 N. Y. 365, Matter of Martin v. Kent, 24 Misc 2d 126.)
It is the decision of this court that the respondent Village Board did not act with reasonable discretion in denying the permit for the installation of the underground gasoline tank and pump and that the petitioner is entitled to a judgment annulling and vacating the decision of the Board of Trustees denying said application and requiring said Board of Trustees to issue a permit to said petitioner for the purpose of installing and maintaining a 550-gallon underground gasoline storage tank and pump exclusively for petitioner’s trucks and equipment at the premises located at 700 Jenkins Street in the Village of Endicott, New York.